

**U.S. Department of Justice**

United States Attorney

Eastern District of Louisiana

---

*David Haller*  
*Assistant United States Attorney*

*The Poydras Center*  
*650 Poydras Street, Suite 1600*  
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3085*  
*Facsimile: 504-589-2027*

June 12 ~~May~~ ___, 2014

Honorable _____  
United States District Judge  
Eastern District of Louisiana            CR 14-119 "B"
500 Poydras Street, Room C555  
New Orleans, Louisiana 70130

Re:   *United States v. Osaka Thai Corporation, Shinto Restaurant, Inc. & Tony Nguyen*  
      Criminal Number 14-___, Section ___

Dear Judge _____:

     In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (5th Cir. 1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Osaka Thai Corporation, Shinto Restaurant, Inc., and Tony Nguyen, the defendants in the above-captioned proceeding. Nguyen is the authorized representative of the two corporate defendants. Shaun Clarke, counsel for the defendants, has reviewed the terms of this agreement and has been advised by Nguyen that he fully understands the terms of this agreement.

     The government intends to file a two count bill of information charging the corporate defendants with one count of conspiracy to harbor and employ illegal aliens, in violation of Title 8, United States Code, Section 1324, and charging Nguyen with one count of a pattern and practice of unlawfully employing aliens, in violation of Title 8, United States Code, Section 1324a. All defendants agree to waive the right to grand jury indictment. The corporate defendants agree to plead guilty to count one of the Bill of Information charging a violation of Title 8, United States Code, Section 1324. Nguyen agrees to plead guilty to count two of the bill of information charging a violation of Title 8, United States Code, Section 1324a.

     In return for these pleas of guilty, the Government agrees that should the Court accept defendants' pleas of guilty, and should the defendants comply with all terms of this agreement, the Government will not bring any other charges against the defendants in the Eastern District of Louisiana arising from or in any way related to any scheme to harbor, induce, and employee illegal aliens at the restaurants operated by the defendants prior to and during May 2011.

Nguyen, individually and on behalf of the corporate defendants, has agreed to the forfeiture of $250,000.00 in U.S. Currency. Specifically, Nguyen agrees to remit $250,000 in 36 equal monthly installments, with the first payment due thirty days after sentencing. Thereafter, Nguyen agrees that each monthly payment shall be due no later than the fifth of each respective month. While Nguyen may make larger payments without penalty, thereby reducing the total amount due under this agreement, he specifically agrees that each monthly payment shall be no less than $6,945.00. Further, each monthly payment shall be in the form of a cashier's check or certified check, made payable to "U.S. Customs & Border Protection," and sent or delivered to:

>U.S. Customs & Border Protection
>Office of Fines, Penalties, and Forfeitures
>423 Canal Street, Suite 222
>New Orleans, LA   70130

Nguyen and the corporate defendants agree to join in the Government's recommendation to the Court that the payment schedule set forth herein be incorporated in the judgment and become a condition of any probation or supervised release imposed by the Court, such that a failure to remit payments is a violation of defendants' probation or supervised release. Additionally, Nguyen and the corporate defendants understand that failure to forfeit these amounts on these dates constitutes a violation of this agreement and releases the Government from its promise not to bring any other charges against the defendants in the Eastern District of Louisiana arising from or in any way related to any scheme to harbor, induce, and employee illegal aliens at the restaurants operated by the defendants prior to and during May 2011. Defendants specifically waive any statute of limitations defense that may be available to any charges brought against them following a violation of this agreement. Defendants further specifically waive any notice with respect to the forfeiture of the aforementioned $250,000.00 in U.S. Currency and waive any challenge to the forfeiture of said funds whether they be forfeited criminally, civilly, or administratively.

Nguyen understands that the maximum penalty he may receive should his plea of guilty be accepted is six months incarceration and/or a fine of $3,000 for each unauthorized alien or twice the gross loss to any person under Title 18, United States Code, Section 3571. The corporate defendants understand that they may be sentenced to a term of probation of not more than five years pursuant to Title 18, United States Code, Section 3561. The corporate defendants further understand that the maximum fine each defendant may receive should its plea of guilty be accepted is $500,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Further, the corporate defendants understand that a mandatory special assessment fee of $400.00 shall be imposed on each of them under the provisions of Section 3013 of Title 18, United States Code. Nguyen understands that a mandatory special assessment fee of $10.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. These

special assessments must be paid on the date of sentencing. Failure to pay these special assessments may result in the plea agreement being void.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply and the defendants agree that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendants will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Defendants understand that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal the conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendants also understand that they may each have the right to file collateral challenges to the conviction, sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, defendants, Osaka Thai Corporation, Shinto Restaurant, Inc., and Tony Nguyen, in exchange for the promises and agreements made by the United States in this plea agreement, knowingly and voluntarily:

a. Waive and give up any right to appeal or contest the guilty pleas, convictions, sentences, fines, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of the sentences, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waive and give up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waive and give up any right to challenge the manner in which the sentences were determined;

c. Waive and give up any right to challenge the sentences collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to the sentences of any kind; and

d. Defendants specifically do not waive, and retain the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. Defendants also retain the right to bring post-conviction challenges if any of them establish that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty pleas.

Defendants further waive any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and acknowledge that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

3

Defendants understand that any discussions with their attorney or anyone else regarding sentencing are merely rough estimates and the Court is not bound by those discussions. Defendants understand the Court could impose the maximum penalties allowed by law.

In an effort to resolve this matter in a timely fashion and show good faith, defendants agree to knowingly, voluntarily, and expressly waive their rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. Defendants understand and agree that in the event they violate the plea agreement, withdraw a decision to plead guilty, a guilty plea is later withdrawn or otherwise set aside, any statements made by any of them to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made during any court proceeding involving either their pleas of guilty, including any factual bases or summaries signed by them, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendants in any and all criminal proceedings.

This plea agreement is predicated upon the fact that Nguyen, individually and on behalf of the corporate defendants, agrees to submit to interviews whenever and wherever requested by law enforcement authorities. Nguyen understands he must be completely truthful. Nguyen also agrees to appear before any Grand Jury or trial jury and to testify truthfully. Nguyen understands if he is not truthful, this agreement will be null and void and he may be prosecuted for perjury or making false statements. Nguyen agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. Nguyen further agrees to immediately advise the Government as to any person he believes to be violating the law and he agrees to assist the Government with regard to the investigation and prosecution of criminal conduct of any other person.

Nguyen, individually and on behalf of the corporate defendants, further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood Nguyen will fully cooperate in providing any and all financial information and documentation, and agree to voluntarily execute a complete and thorough Financial Statement, Form OBD-500.

Defendants recognize that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his conviction will be immediately submitted to the Treasury Offset Program. Defendants waive any objection to their inclusion in the Treasury Offset Program.

     Defendants understand that the statements set forth above represent the defendants' entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

                                      Very truly yours,

                                      KENNETH ALLEN POLITE, JR.
                                      UNITED STATES ATTORNEY

_____ 6/16/14
David Haller             (Date)
Assistant United States Attorney


_____ 6/12/14
Shaun Clarke             (Date)
Attorney for the defendant


_____ 6/12/14
Tony Nguyen              (Date)
Defendant

5